RIVERTON PIPE LINE CO. v. BEAR CANYON PIPE LINE CO. et al.

No. 3524.   Decided March 21, 1921.   (196 Pac. 1004.)

WATERS AND WATER COURSES—EVIDENCE HELD TO SUSTAIN PLAIN-
    TIFF'S CLAIM OF PRIORITY OF WATER RIGHTS.   In an action in-
    volving the priority of appropriation of the waters of a creek,
    evidence *held* to sustain a judgment for plaintiff.

Appeal from District Court, Third District, Salt Lake County; *J. Louis Brown,* Judge.

Action by the Riverton Pipe Line Company against the Bear Canyon Pipe Line Company and others.   From a judgment for plaintiff, certain defendants appeal.

AFFIRMED.

*Skeen & Skeen,* of Salt Lake City, for appellants.

*Evans, Folland & Evans* and *Stewart, Stewart & Alexander,* all of Salt Lake City, for respondents.

CORFMAN, C. J.

Plaintiff commenced this action in the district court of Salt Lake county to have the rights of the respective parties litigant to the waters of Bear Canyon creek, a natural stream of water arising in the mountains east of Draper, in Salt Lake county, this state, determined and decreed.   It is alleged in substance by the complaint that the plaintiff was organized as a corporation in October, 1907, for the purpose, among other things, of acquiring ownership in the waters of said Bear Canyon creek and to distribute the same through a

water course and pipe line system to the inhabitants of the towns of Riverton and Bluffdale, in Salt Lake county; that immediately after the incorporation of the plaintiff company it acquired the ownership and ever since has distributed for domestic, culinary, and other beneficial uses to the inhabitants of said towns through a water system constructed by it "132,000 gallons of water every 24 hours from said Bear Canyon creek at the intake of its waterworks and pipe line system at or near said Bear Canyon creek; that of the said 132,000 gallons plaintiff is now, and at all times since 1907 has been, the owner of and entitled to a constant, uninterrupted, uniform flow of 60,000 gallons every 24 hours from said Bear Canyon creek, the same being a first and primary right to the waters of said Bear Canyon creek; that when the entire flow of said Bear Canyon creek exceeds 153,600 gallons every 24 hours, then of the excess flow of said Bear Canyon creek over and above the said 153,600 gallons every 24 hours, and as a first right to said excess, and in addition to the primary right to and ownership in the said 60,000 gallons every 24 hours, as aforesaid, the plaintiff is the owner of and entitled to a constant, uninterrupted, uniform flow of 72,000 gallons every 24 hours from said Bear Canyon creek." It is further alleged by the complaint that the plaintiff and its predecessors in interest have for more than 30 years last past claimed, owned, and beneficially used said waters under a claim of right adversely against all of the defendants and against the whole world.

The answer of the defendants appealing, Bear Canyon Pipe Line Company, John W. Smith, and A. J. Neilson, in substance and effect denies generally the aforesaid allegations of the complaint except as admitted by counterclaim, and by way of counterclaim the defendant Bear Canyon Pipe Line Company alleges, among other things not material for the purposes of this appeal:

"That for upwards of 60 years prior to the institution of this proceeding the defendant Bear Canyon Pipe Line Company and its predecessors in interest diverted and used the entire normal and constant flow of Bear Canyon creek during the summer months for domestic, culinary, stock, and irrigation purposes; that prior

to the 2d day of March, 1903, substantially the entire flow of said
Bear Canyon creek during the late fall, winter, and spring, and
when said creek was swollen from rains and melting snow during
the summer months, was unappropriated and public waters of the
state of Utah; that on the 2d day of March, 1903, the defendants
A. J. Nielson and John W. Smith, as predecessors in interest of
the Bear Canyon Pipe Line Company, appropriated, diverted, and
used for domestic, culinary, stock, irrigation, and other beneficial
purposes the entire flow of the said Bear Canyon creek from the
1st day of September to the 1st day of the succeeding May of each
and every year, which water was then open, public, and unappro-
priated water of the state of Utah, and the said A. J. Nielson and
John W. Smith likewise on said date appropriated, diverted, and
used, for domestic, culinary, stock, irrigation, and other beneficial
purposes the entire flow of said Bear Canyon creek from the 1st
day of May to the 1st day of September of each year, except only
the rights to the flow of said creek which had theretofore been
acquired for beneficial purposes by Joseph M. Smith, L. H. Smith,
John L. Howard, J. A. B. Crossgrove, William Crane, and such
other persons as then held right to the use of said water from or
through the individuals last above named, and thereafter, on the
12th day of June, 1906, the said A. J. Nielson and John W. Smith
acquired by purchase from the said Joseph M. Smith, L. H. Smith,
B. M. Crossgrove, Charles M. Crossgrove, Susannah Crane, and
Joseph Jackson, the successors in interest of the original and prior
appropriators of said water, and the right to use, during the low-
water season, a continuous flow of the said Bear Canyon creek of
115 gallons for each minute of time, and if the entire flow of said
creek owned by said appropriators should be less than 115 gallons
for each minute of time, then the right to use the entire flow of
said stream, and on the 31st day of January, 1906, the said de-
fendants John W. Smith and A. J. Nielson acquired by purchase
and by a good and sufficient deed of conveyance from one John
L. Heward the right to use one-sixth of the entire flow of the
Bear Canyon creek throughout the entire low-water season; that
thereafter, for a valuable consideration, the said A. J. Nielson
and John W. Smith, by good and sufficient deeds of conveyance
conveyed and transferred all of their right, title, and interest in
and to the flow of the said Bear Canyon creek to the defendant
Bear Canyon Pipe Line Company, which thereby became the
owner of the right to use the entire flow of the said Bear Canyon
creek from the 1st day of September to the 1st day of the suc-
ceeding May of each year and to the continuous flow of one-sixth
of the said Bear Canyon creek to such part of the residue of the
flow of said creek as would equal 115 gallons for each minute of
time from the 1st day of May to the 1st day of September of

each year, and the said Bear Canyon Pipe Line Company, by said appropriations and conveyances, became the owner of the right to use all of the surplus and unappropriated water of said Bear Canyon creek caused by the melting snows and rains between the 1st day of May and the 1st day of September of each and every year. * * * This defendant further alleges that on the 20th day of September, 1907, by a good and sufficient contract and a deed of conveyance, it sold to one A. T. Butterfield and one George W. Bills, whom this defendant alleges are the predecessors in the interest of the plaintiff, the right to use, for domestic, culinary, and stock purposes, a uniform flow of the said Bear Canyon creek which would aggregate 60,000 gallons of water in a period of 24 hours of time, and this defendant is informed and believes, and therefore alleges, that the plaintiff is the owner of the right to use 60,000 gallons each 24 hours of time of the flow of said Bear Canyon creek."

The defendants not appealing also filed answers and counterclaims, the nature of which, for the purposes of this appeal, need not be considered or referred to except incidentally in connection with the findings of the district court hereinafter referred to complained of by appellants.

The district court found from the evidence received at the trial that the plaintiff, Riverton Pipe Line Company, the defendant Bear Canyon Pipe Line Company, L. H. Smith and Emma W. Smith, his wife, C. M. Crossgrove and Elizabeth Crossgrove, his wife, and their respective predecessors in interest, for more than 50 years have appropriated and put to a beneficial use during each and every year all the waters of said Bear Canyon creek, and that by mesne conveyances from the said original appropriators of said stream all the waters thereof were conveyed to and title thereto vested in the following named parties to this action who are now the owners and entitled to the use thereof in the proportions and order following:

(1)   That the Riverton Pipe Line Company is the owner of and has a first and primary right to a constant flow of water from said Bear Canyon creek equivalent in measurement to 60,000 gallons every 24 hours.

(2)   That the Bear Canyon Pipe Line Company is the owner of and has a secondary right to a constant flow of

water from said Bear Canyon creek equivalent in measurement to 102,720 gallons every 24 hours.

(3)  That after the Riverton Pipe Line Company has received the said 60,000 gallons of water every 24 hours as a first and primary right to the waters of Bear Canyon creek, and after the Bear Canyon Pipe Line Company has received 102,720 gallons every 24 hours, as a right secondary to the first right of the Riverton Pipe Line Company to said 60,000 gallons every 24 hours, then the Riverton Pipe Line Company and the Bear Canyon Pipe Line Company are the owners jointly of and are entitled to receive from the waters of said Bear Canyon creek, as a third right, a constant flow of 72,000 gallons every 24 hours.  Of this 72,000 gallons every 24 hours the Riverton Pipe Line Company is the owner of and entitled to the use of five-sixths of said 72,000 gallons and the Bear Canyon Pipe Line Company is the owner of and entitled to the use of one-sixth of said 72,000 gallons.

(4)  After the Riverton Pipe Line Company and the Bear Canyon Pipe Line Company have received the quantity of water to which the court has found them to be entitled, as hereinbefore set forth, then the remaining waters of said Bear Canyon creek are owned, and the right to the use thereof, as a fourth right, is in the following parties to this action, to wit:  L. H. Smith and Emma W. Smith, his wife, an undivided 6/36 interest of said remaining waters; Joseph M. Smith, an undivided 6/36 interest of said remaining waters; B. M. Crossgrove and Matilda Crossgrove, his wife, an undivided 5/36 interest of said remaining waters; C. M. Crossgrove and Elizabeth Crossgrove, his wife, an undivided 7/36 interest of said remaining waters; Susannah Crane an undivided 6/36 interest of said remaining waters; Bear Canyon Pipe Line Company, an undivided 6/36 interest of said remaining waters.''

Appellants conceded that the court's findings numbered 1 and 2 are correct.  They specifically challenge the correctness of the findings numbered 3 and 4 and such other findings as refer to and support the conclusions of law and the decree made by the court awarding plaintiff 5/6 of the said 72,000

gallons of water and the subsequent right awarded to their codefendants by the court's fourth finding.

The record shows that the defendant Bear Canyon Pipe Line Company was incorporated in January, 1907, prior to the said incorporation of the plaintiff Riverton Pipe Line Company in the same year. The record further shows that in the year 1903 the defendants A. J. Neilson and J. W. Smith sought to appropriate by a written notice of appropriation, to wit, "all the waters of Bear Canyon (except such portions as have been used for irrigating purposes from May 1st to September 1st of each year by Jos. M. Smith, L. H. Smith, John L. Heward, J. A. B. Crossgrove, William Crane, and persons holding water under their appropriations). * * * The amount appropriated consists of all the stream, about 1½ cubic feet per second, during the period from September 1st each year to May 1st of the year following, and 1½ cubic feet per second, more or less, from May 1st to September 1st of each year. The said appropriations are made for the purpose of supplying to the appropriators and other citizens of the town of Draper water for domestic, culinary and other purposes." These rights, if any such were acquired by the said notice of appropriation, among others, formed the basis for the incorporation of the Bear Canyon Pipe Line Company, among the incorporators of which were the defendants A. J. Neilson and John W. Smith. It is contended by the appellants that the aforesaid notice of appropriation covered the winter and flood waters of said stream and that said winter and flood waters had not theretofore been appropriated or applied for beneficial purposes. On the other hand, the contention is made by the plaintiff that at the time said notice of appropriation was given all the waters of Bear Canyon creek had been appropriated by the early appropriators of the stream, predecessors in interest of the plaintiff, and therefore the attempt to appropriate water under said notice initiated no rights to the waters of the stream.

The district court, as has been seen by the findings quoted, found for the plaintiff and against the appellants.

The contention is made by the appellants that the findings of the district court complained of by them are not sustained by the evidence. The record in this case is voluminous. Appellants have not seen fit to abstract the same, except in very abbreviated form. We are convinced, however, from an examination of the transcript, that the water as appropriated by the court's decree, in accordance with the facts found by the court, was right and the only equitable distribution that could have been made between the respective litigants under the evidence in the case. The record is quite conclusive that all the water of Bear Canyon creek was appropriated and put to a beneficial use throughout the entire year by the predecessors in interest of the plaintiff for many years before the attempted appropriation by the appellants John W. Smith and A. J. Neilson in 1903. Therefore the Bear Canyon Pipe Line Company upon its incorporation acquired no rights through its said incorporators and grantors by reason of the said notice of appropriation in 1903. The early appropriators, as the trial court found, transferred their interests in the stream by mesne conveyances in the proportions awarded the plaintiff and the defendant Bear Canyon Pipe Line Company in the decree. We can see no escape from this conclusion in the light of the facts testified to by witnesses and the documentary evidence disclosed by the record.

It is therefore ordered that the judgment of the district court be, and the same is hereby, affirmed, with costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.